**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

THOMAS CUNNINGHAM,

        Plaintiff,

vs.                                                            Civil No. 07-411 RB/RHS

PETER HACKETT, et al.,

        Defendants.

**ORDER DENYING DEFENDANTS' MOTION FOR ADMONISHMENT, PLAINTIFF'S MOTION TO COMPEL AND PLAINTIFF'S MOTION FOR STATUS, AND ORDER GRANTING PLAINTIFF'S MOTION FOR DOCUMENTS**

THIS MATTER comes before the Court on "Defendants' Request for Admonishment Regarding Plaintiff's Repeated Attempts to Seek Discovery" ("Motion for Admonishment"), filed May 5, 2009 **[Doc. No. 86]**, Plaintiff's "Motion for an Order Compelling Discovery" ("Motion to Compel"), filed May 5, 2009 **[Doc. No. 87]**, Plaintiff's "Motion/Request for the Status of Plaintiff's Motion to Compel" ("Motion for Status"), filed July 14, 2009 **[Doc. No. 91]** and Plaintiff's "Request for Missing Documents" ("Motion for Documents"), filed July 21, 2009 **[Doc. No. 92]**.

*Motion for Admonishment*

In their Motion for Admonishment, Defendants request that Plaintiff be admonished for "seek[ing] discovery in complete disregard of the Court's orders and repeated explanation of the rules prohibiting him from doing so." (Id. At 3). In response, Plaintiff contends that the parties "had already initiated discovery . . . . [and] were in agreement to disclose discovery."[1] (Motion [sic] in Opposition to Defendants Officers Peter Hackett, [sic] and Duff Ryan Motion for

---

[1] Defendants do not reply to Plaintiff's contention that the parties previously agreed to engage in discovery.

Admonishment ("Response"), filed May 12, 2009 **[Doc. No. 88]**).  Plaintiff points out that he served several requests for production on Defendants and received some of the materials that he requested.[2]  However, Plaintiff "fears that if [other evidence] . . . is not produce[d] . . . it will be destroyed."  (Response at 2).  In support of this concern, Plaintiff points to a statement of Chief of Police Raymond Schultz that "[v]oice communication records are retained for three years." (Letter from Chief Schultz to Mr. Cunningham, dated Mar. 9, 2009, attached to Motion to Compel).

In his letter, Chief Schultz appears to be commenting on a general three year retention policy regarding certain records.  Chief Schultz does not indicate that such records are subject to a three year retention policy where, as in this case, the records are potentially discoverable and/or evidence in a lawsuit.  Nevertheless, the Court reminds Defendants and their counsel that any and all documents or materials pertaining to the events, allegations, claims or defenses raised in this lawsuit must be retained and shall not be damaged, destroyed, disposed of or discarded during the course of this litigation.[3]  Finally, although the Court has not yet ordered discovery in this case, it does not find it necessary to "admonish" Plaintiff at this time.  Thus, Defendants' Motion for Admonishment will be denied.

*Motion to Compel and Motion for Status*

In his motion, Plaintiff seeks an order compelling Defendants to produce various documents and materials, including dispatch recordings and police procedures regarding the

---

[2](See, e.g., Albuquerque Police Department Policy 2-47 regarding Traffic Stop Procedures, attached to Response).

[3]The materials to be retained include, but are not limited to, interviews, reports, audio and/or visual recordings, belt tapes, and photographs.

seizure of vehicles.  The Court is not persuaded that an order permitting Plaintiff to engage in discovery is required at this time.  Accordingly, Plaintiff's Motion to Compel will be denied.  Because Plaintiff's Motion for Status seeks a ruling on his Motion to Compel, it will be denied as moot.

*Motion for Documents*

In this motion, Plaintiff requests copies of document numbers 89 and 90, asserting that he "never received them."  (Motion for Documents at 1).  Defendants did not file a response in opposition to Plaintiff's motion.  The Court will grant Plaintiff's Motion for Documents and direct the Clerk of the Court to mail copies of these documents to Plaintiff.

WHEREFORE,

IT IS ORDERED that "Defendants' Request for Admonishment Regarding Plaintiff's Repeated Attempts to Seek Discovery" **[Doc. No. 86]** is **denied**;

IT IS FURTHER ORDERED that Plaintiff's "Motion for an Order Compelling Discovery" **[Doc. No. 87]** is **denied**;

IT IS FURTHER ORDERED that Plaintiff's "Motion/Request for the Status of Plaintiff's Motion to Compel" **[Doc. No. 91]** is **denied as moot**; and

IT IS FINALLY ORDERED that Plaintiff's "Request for Missing Documents" **[Doc. No. 92]** is **granted** and the Clerk shall mail a copy of **[Doc. No. 89**] and **[Doc. No. 90**] to Plaintiff.

_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE