**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

THOMAS CUNNINGHAM,

       Plaintiff,

vs.                                                                                   Civil No. 07-411 RB/RHS

PETER HACKETT, et al.,

       Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDATIONS

THIS MATTER comes before the Court on consideration of Plaintiff's complaint, the City Defendants' Martinez Report ("MR"), filed June 28, 2010 **[Doc. 109]** and Plaintiff's responses to Defendants' MR, filed July 9, 2010 **[Docs. 111, 112]**. Plaintiff Cunningham alleges that Defendants Hackett and Ryan, officers with the Albuquerque Police Department, violated his constitutional rights in a variety of ways in connection with two instances of search, seizure and arrest that occurred on December 14, 2005 and February 28, 2006. Plaintiff seeks compensatory and punitive damages. Having reviewed the parties' submissions, the relevant authorities and being otherwise advised in the premises, the Court recommends that certain of Plaintiff's claims be dismissed for the reasons set forth below.

    *Eleventh Amendment / 42 U.S.C. § 1983*

Plaintiff's complaint does not clearly indicate whether he is suing Defendants Hackett and Ryan in their personal or official capacities. Because Plaintiff is proceeding *pro se*, the Court will liberally construe his complaint as alleging claims against Defendants in both capacities. See Hull v. State of New Mexico Taxation and Revenue Dep't's Motor Vehicle Div., 179 Fed. Appx. 445, 447 (10th Cir. Apr. 25, 2006) (unpublished) (explaining that when a *pro se*

plaintiff failed to specify whether she was suing a defendant in her official or individual capacity, the Court would "give [the plaintiff] the benefit of th[e] doubt" and construe the complaint as asserting claims against defendant in both capacities).  However, to the extent that Plaintiff seeks monetary damages against Defendants in their official capacities, such claims are barred by the Eleventh Amendment.  See Ruiz v. McDonnell, 299 F.3d 1173, 1180 (10th Cir. 2002) ("With certain limited exceptions, the Eleventh Amendment prohibits a citizen from filing suit against a state in federal court.") (citation omitted).  Moreover, Plaintiff's official capacity claims cannot be pursued in a § 1983 claim.  See Will v. Michigan Dep't of State Police, 491 U.S. 48, 71 (1989) ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983.").  Thus, the Court concludes that Plaintiff's claims for money damages against Defendants in their official capacities should be **dismissed** for lack of subject matter jurisdiction.

*Claims I and X*

In his complaint, Plaintiff asserts ten (10) separate claims against one or both of the Defendants.  In Claim I, Plaintiff alleges that on December 14, 2005 and on February 28, 2006, Defendants "used their authority to harass and discriminate against Plaintiff . . . . [and] profiled the Plaintiff because of his race." (Complaint at 7, filed Apr. 26, 2007 **[Doc. 1]**).  In Claim X, Plaintiff alleges that Defendants "displayed unprofessional and arbitrary police power in "manipulat[ing] their way around standard police practice . . . .[and] us[ing] the color of a person['s] skin to justify suspicion . . . ." (Complaint at 11).  The allegations in Claim X simply re-phrase and/or further describe the core claim set forth in Claim I: that Defendants unlawfully discriminated against Plaintiff by engaging in racial profiling.  Thus, the Court recommends that Plaintiff's Claim X be **dismissed** as a separate claim, and its allegations be construed as part of

Claim I.

*Plaintiff's § 1983 claims based on events of December 14, 2005*

It appears that Plaintiff's § 1983 claims based on events that allegedly occurred on December 14, 2005 are barred pursuant to Heck v. Humphrey, 512 U.S. 477, 484 (1994). In Heck, the Supreme Court held that a § 1983 claim is not cognizable if it would render invalid a plaintiff's conviction or sentence. Heck, 512 U.S. at 486-87. The Heck bar requires a district court to determine-as a jurisdictional matter-whether a plaintiff's § 1983 claim, if successful, would necessarily imply the invalidity of the plaintiff's conviction or sentence. Heck, 512 U.S. at 487. If so, before proceeding under § 1983 the plaintiff must first overcome the Heck bar by showing that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Id.

The record indicates that on December 14, 2005, Plaintiff was charged with "Trafficking Cont Subst (Poss w/int to Distr)" and "Tampering with Evidence" in New Mexico state district court. (State vs. Cunningham Thomas, D-202-CR-200600007 (Criminal Charge Detail)). On July 24, 2007, Plaintiff pled "No Contest" to the Trafficking charge.[1] On August 1, 2007, Plaintiff was sentenced to serve an "actual term [of] 12 yrs in DOC." (Id. at 3 (Register of Actions Activity)). On August 8, 2007, Plaintiff filed a notice of appeal. (See id.). The docket reveals that Plaintiff's appeal of his conviction in the state courts is ongoing. (See id. at 1 (indicating the "transmission of supplemental transcript of proceedings to the court of appeals"

---

[1] On August 21, 2007, the Tampering charge was dismissed by the prosecutor. (See id.).

3

on February 12, 2009)).

In Claims I through IV of his federal civil rights complaint, Plaintiff alleges that on or about December 14, 2005, Defendants engaged in racial profiling, performed an unlawful traffic stop, planted evidence, unlawfully arrested him and filed a false criminal complaint against him. Because a judgment for damages on these claims in Plaintiff's favor would necessarily imply the invalidity of Plaintiff's conviction, these claims are barred unless and until Plaintiff's conviction has been reversed or otherwise invalidated.  See Heck, 512 U.S. at 487.[2]  Nothing in the record indicates that Plaintiff's plea, conviction and/or sentence has been reversed or invalidated. Indeed, Plaintiff states that his "appeal [in the New Mexico Court of Appeals] is active and awaiting an opinion."  (The Defendant's [sic] Failed to Fully Comply with the Court's Order to Address Each Point Set Out in the Martinez Report at 2, file-stamped Jul. 9, 2010 **[Doc. 111]**). Thus, the Court recommends that Plaintiff's § 1983 claims against Defendants set forth in Claims I through IV be **dismissed** pursuant to Heck.

**WHEREFORE**,

**IT IS RESPECTFULLY RECOMMENDED** that all Plaintiff's claims for money damages against Defendants in their official capacities be **dismissed** for lack of subject matter jurisdiction.

**IT IS FURTHER RECOMMENDED** that Claim X be **dismissed** as a separate claim and its allegations construed as part of Claim I.

**IT IS FURTHER RECOMMENDED** that Plaintiff's § 1983 claims against Defendants

---

[2] To the extent that Plaintiff seeks to challenge the validity of his conviction and/or sentence in this Court, his sole federal remedy is a writ of habeas corpus pursuant to 28 U.S.C. § 2254, after exhausting his state remedies.  See Preiser v. Rodriguez, 411 U.S. 475, 487 (1973); 28 U.S.C. § 2254(b)(1).

set forth in Claims I through IV be **dismissed** pursuant to Heck.

    **NOTE:** Timely objections to these proposed findings and recommendations may be made pursuant to 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

                                                    */s/ Robert Hayes Scott*
                                                  ROBERT HAYES SCOTT
                                                  UNITED STATES MAGISTRATE JUDGE