IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THOMAS CUNNINGHAM,

      Plaintiff,

vs.                                                                                    Civil No. 07-411 RB/RHS

PETER HACKETT, et al.,

      Defendants.

### MAGISTRATE JUDGE'S PROPOSED FINDINGS
### AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Plaintiff Thomas Cunningham's Motion to Alter or Amend the Judgment ("Motion"), file-stamped November 10, 2010 **[Doc. 127]**. Defendants have not filed a response in opposition to Plaintiff's Motion. Having considered Plaintiff's Motion, the relevant authorities, and being otherwise advised in the premises, the Court finds that the Motion lacks merit and recommends that it be denied.

Plaintiff indicates that he seeks relief "pursuant to Rule 59(e) of the Federal Rules of Civil Procedure." (Motion at 1). However, because Plaintiff filed his Motion more than 28 days after the entry of judgment in this case, the Court construes it as a motion seeking relief under Federal Rule of Civil Procedure ("Rule") 60(b). See Rule 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."); Manco v. Werholtz, 528 F.3d 760, 761 (10th Cir. 2008) (citing Hatfield v. Bd. of County Comm'rs, 52 F.3d 858, 861 (10th Cir. 1995) (construing a motion for reconsideration as either a Rule 59(e) motion or a Rule 60(b) motion "[d]epending on when the motion is filed").

A motion for relief pursuant to Rule 60(b) may be granted for the following reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly

>discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(e); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Rule 60(b). In his Motion, Plaintiff seeks "leave to amend his complaint to include more and different facts and legal claims."[1] (Motion at 1). This request does not justify granting Plaintiff's Motion. Indeed, this would be an inappropriate basis for granting a Rule 59(e) motion.[2] Accordingly, the Court respectfully recommends that Plaintiff's Motion to Alter or Amend the Judgment **[Doc. 127]** be denied.

**NOTE:** Timely objections to these proposed findings and recommendations may be made pursuant to 28 U.S.C. § 636(b)(1). Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

*Robert Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE

---

[1] To the extent that Plaintiff seeks leave to amend his complaint, the motion should be denied as moot. The Court liberally construes Plaintiff's Motion as a Rule 60(b) motion.

[2] A Rule 59(e) motion may not be used to re-litigate matters, raise new arguments or present evidence that could have been raised in prior briefing. See Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000); see also Steele v. Young, 11 F.3d 1518, 1520 n.1 (10th Cir. 1983).